[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: OBJECTIONS TO REQUESTS FORADMISSIONS MADE PURSUANT TO P.B. § 128
In this case the plaintiff was a passenger in a car being driven in a southerly direction on I-91 by the defendant. The complaint alleges that the defendant's vehicle was rear-ended by another defendant and as a result of the accident, he was injured. The plaintiff alleges the driver of the car he was in, the defendant Pappalardo, was negligent in one or more of the following ways: he operated his car at an unreasonable speed with defective or inadequate brakes or he failed to apply them in a reasonably safe manner, he was inattentive and failed to keep a proper lookout, he failed to keep his motor vehicle under reasonable and proper control.
The defendant Pappalardo has filed several requests for CT Page 34 admission and the plaintiff objects. The requests are as follows:
 6. On April 23, 1992, at approximately 4:30 PM Gaetano Pappalardo's brakes did not malfunction as he was able to stop his vehicle in a reasonable manner.
 7. On April 23, 1992, at approximately 4:30 PM Gaetano Pappalardo used ordinary and reasonable care in stopping for the traffic congestion on Interstate 91.
 8. On April 23, 1992, at approximately 4:30 PM Gaetano Pappalardo operated his vehicle at a reasonable rate of speed as he safely stopped his motor vehicle due to the traffic congestion on Interstate 91.
 9. On April 23, 1992, at approximately 4:30 PM Gaetano Pappalardo was attentive and kept a proper lookout as he safely stopped his motor vehicle due to the traffic congestion on Interstate 91.
 10. On April 23, 1992, at approximately 4:30 PM Gaetano Pappalardo kept and maintained his motor vehicle under reasonable and proper control as he stopped his motor vehicle due to traffic congestion on Interstate 91.
 11. On April 23, 1992, at approximately 4:30 PM Gaetano Pappalardo reacted reasonably on Interstate 91 as there was no way to reasonably avoid the collision of the automobiles to the rear of Gaetano Pappalardo's motor vehicle.
To all of these requests, the plaintiff responded:
 "Objection. This request engages in a conclusion of law."
This issue is governed by Section 238 of the Practice Book which states in relevant part that a party
may serve . . . upon any other party a written CT Page 35 request for the admission . . . . of the truth of any matters relevant to the subject matter of the pending action set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . .
There is only one Connecticut case dealing with the question raised here, Gotler v. Aetna Life Casualty Ins.Co., 4 Conn. L.Rptr. 403 (1991) although it is true that our practice book rule uses the exact language as Rule 36 of the Federal Rules of Civil Procedure.
A reading of the commentary to Rule 36 is helpful. The federal rule was amended in 1970 to resolve a dispute that had arisen in the federal courts "as to whether a request to admit matters of opinion and matters involving `mixed law and fact' is proper under the rule", Federal Rules of Civil Procedure,
Rule 36, commentary page 147.
As the commentary notes: "Admissions are sought first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly to narrow the issues by eliminating those that can be . . . . (A)n admission on a matter of opinion may facilitate proof or narrow the issues or both. An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues . " Id. pp 147-148 . The commentary refers to the case of McSparren v. Harrigan, 225 F. Sup. 628, 636 (E.D.Pa. 1963) where the plaintiff admitted the "premises on which said accident occurred were occupied or under the control of one of the defendants." The obvious benefit of a rule such as Rule 36 and our Rule 238 is that in a case like McSparren the admission involving law as well as fact removed an issue from the lawsuit and this reduced the proof required at trial.
That is all the defendant is trying to do here — narrow the issues. That is especially true as to request 6 (brakes) and 8 (speed). Requests 7, 9, 10, 11 are so broad and interconnected it is difficult to see how making them and getting a response will narrow the issues for trial. But the remedy for that is not for a party to say these matters are "in dispute" or won't narrow the issues but simply to enter a denial — either complete or qualified. The party to whom these requests are directed, here the plaintiff, made these broad claim in the complaint which the defendant in effect now CT Page 36 seeks to have him withdrawn or affirm their continued viability by denying the requests for admission.
I can imagine a situation where the requests were so voluminous that a party to whom the request is directed might rightfully claim relief from the court. But that is not the case here. Nor is this a case where the plaintiff is requesting admissions of law completely unrelated to the facts of the case. Likewise, this is not a situation where the plaintiff claims he cannot answer due to a lack of knowledge or because he needs more time to investigate — the latter problem could be dealt with by a protective order or a simple request for a reasonable time to respond.
Here the plaintiff can deny or as the commentary suggests he can give a reason for an inability to admit or deny. A party should not be able to object solely on the ground that the "request engages in conclusions of law" where the request refers to the facts of the case. It is difficult to understand what the "application of law to fact" language in Rule 238 means as regards appropriate requests for admissions if this were to be the case.
The objections are overruled.