[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
On September 14, 1999, the court (Wollenberg, J.) acted on defendants' "motion to determine sufficiency of responses to requests to admit, dated August 27, 1997" (#143). The motion was filed pursuant to Practice Book Section 13-23(b). The court by its order granted the motion "as to requests #1-4." CT Page 2234
It is this court's finding that by virtue of the above described ruling the plaintiff was required to admit the matters set forth in requests one through four or, in the alternative, to file amended (and implicitly sufficient) answers to such requests. To this date the plaintiff has not complied with the ruling.
Our Practice Book rules regarding requests for admission are patterned after the Federal Rules of Civil Procedure, Rule 36. The commentary thereto sets forth the statutory purpose of the Rule:
 "Admissions are sought first to facilitate proof with respect to issues that cannot be eliminated from the case and, secondly to narrow the issues by eliminating those that can be. . . . [A]n admission on a matter of opinion may facilitate proof or narrow the issues or both. An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues."
 Cusano v. Lamondin, 13 Conn. L. Rptr. 235 (1995).
The plaintiff's inaction is impeding fulfillment of such purpose.
Before the court is the defendants' "motion for nonsuit" (#194) by reason of the plaintiff's non-compliance and the plaintiff's objection thereto, dated January 17, 2000.
The court hereby directs the plaintiff to comply with the order of September 14, 1999 (above), on or before March 1, 2000. In the absence of such compliance the court will reconsider the motion for nonsuit and enter such order(s) as may then be appropriate pursuant to Practice Book Section 13-14(b).
It is so ordered.
Gaffney, J.